UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO.:

Peninsula Petroleum Limited,

    Plaintiff,

v.

Aum Scrap and Metals Waste Trading LLC

    Defendant,

and

Aum Metals LLC,

    Garnishee.

**VERIFIED ORIGINAL COMPLAINT WITH REQUEST FOR
ISSUE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiff Peninsula Petroleum Limited ("Peninsula") brings this action against Aum Scrap and Metals Waste Trading LLC ("Aum Scrap"), pursuant to Supplemental Admiralty and Maritime Rule B for issue of a writ of maritime attachment and garnishment, and states as follows:

**Jurisdiction and Venue**

1.      This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      Venue is proper in this District because the Garnishees named herein are located and can be found in this District.  Defendant cannot be found in this District within the meaning of Supplemental Rule B.

**The Parties**

3.      Peninsula is a duly organized and existing corporation under the laws of Ireland, with their principal place of business at Dublin. Peninsula is a leading physical distributor of marine fuel ("Bunkers") and lubricant supplies.

4.      Aum Scrap is a Dubai, UAE corporation. At all times relevant, Aum Scrap ordered Bunkers from Peninsula for various vessels it had under charter, which Peninsula provided to those vessels.

5.      Garnishee Aum Metals LLC is an entity registered to do business, and with one or more agents or officers authorized to accept service of process, in this District.  On information and belief, the Garnishee holds property in which Aum Scrap has an interest.

**Facts**

6.      Aum Scrap, as charterer and/or manager of the M/V SATIRA, M/V SEASTAR TRADITION, and M/V CS CANDY (the "Vessels"), ordered Bunkers for the Vessels from Peninsula, which Peninsula provided to the Vessels according to Peninsula's Terms and Conditions of Sale.

7.      Peninsula invoiced Aum Scrap as follows for the Bunkers provided:

| Vessel | Invoice Amount | Delivery Date | Due Date |
|---|---|---|---|
| CS SATIRA | 684,569.30 | 06/09/2022 | 07/09/2022 |
| SEASTAR TRADITION | 593,155.50 | 07/08/2022 | 07/29/2022 |
| CS CANDY | 778,152.51 | 07/28/2022 | 08/18/2022 |

8.      On or about July 10, 2022, Aum Scrap remitted payment in the amount of $683,968.30 against the invoice for the CS SATIRA, leaving an unpaid balance of $601.00.  The aggregate principal balance due from Aum Scrap to Peninsula is $1,371,909.01.

2

9.    Pursuant to Peninsula's Terms and Conditions of Sale, for any payments not made when due, interest shall accrue at the rate of two (2) per cent per thirty (30) day period, and pro rata for any part thereof. To date, $20,729.26 in interest has accrued on the balance due.

10.    Additionally, pursuant to Peninsula's Terms and Conditions of Sale, Aum Scrap is liable for attorneys' fees and costs associated with collection of unpaid balances.

11.    Despite repeated demands for payment, Aum Scrap has failed to pay for the invoiced Bunkers and is in breached of its contracts with Peninsula.

12.     Aum Scrap is liable to Peninsula in the amount of $1,392,638.27, plus attorneys' fees and costs of $20,000.00, and interest to the date of payment.

## Count I – Breach of Maritime Contract

13.    Peninsula incorporates the above paragraphs as if fully set forth herein.

14.    Aum Scrap has breached its maritime contracts with Peninsula as set out more fully above.

15.    Despite repeated demand, Peninsula remains unpaid for the amounts due as a result of Aum Scrap's breach of maritime contracts.

16.    Peninsula demands judgment against Aum Scrap as set forth more fully below.

## Count II – Maritime Attachment and Garnishment (Rule B)

17.    Peninsula incorporates the above paragraphs as if fully set forth herein.

18.    Peninsula seeks issue of process of maritime attachment so that it may obtain security for its claims against Aum Scrap and ultimately payment of those claims from the security.

19.    No security for Peninsula's claim has been posted by Aum Scrap, or anyone acting on Aum Scrap's behalf.

20.     Aum Scrap cannot cannot be found within this district within the meaning of Rule

B, but is believed to have, or will have during the pendency of this action, property and/or assets

in this jurisdiction, namely, accounts owing from Garnishee to Aum Scrap.

WHEREFORE, Peninsula prays:

A.      That process in due form of law issue against Aum Scrap, citing Aum Scrap to appear and answer under oath each and every one of the matters alleged in the Verified Complaint;

B.      That since Aum Scrap cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Aum Scrap's tangible or intangible property or any other funds held by any Garnishee, which are due and owing to Aum Scrap, up to the amount of at least **$1,412,638.27** (principal damages of at least $1,371,909.01, $20,729.26 for interest, and $20,000.00 for costs and attorneys' fees) to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.      That this Court enter judgment against Aum Scrap in favor of Peninsula, in the principal amount set out above, interest, costs and attorneys' fees;

D.      That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

C.      That Plaintiff may be granted such other, further, and different relief as may be just and proper.

Dated: September 9, 2022.

BLANCK & COOPER, P.A.                        /s/ J. Stephen Simms
5730 S.W. 74th Street, Suite #700            J. Stephen Simms
Miami, Florida 33143                         (*pro hac vice* motion to be filed)
Phone: (305) 663-0177                        Simms Showers LLP
Facsimile: (305) 663-0146                    201 International Circle, Suite 230
                                             Baltimore, Maryland 21030
**BY:      //S//Jonathan S. Cooper, Esq.**   Telephone: (410) 783-5795
Jonathan S. Cooper, Esq.                     Facsimile: (410) 510-1789
Florida Bar Number: 99376                    jssimms@simmsshowers.com
Email: jcooper@shiplawusa.com

4

**BY:**      **//S//  Robert W. Blanck, Esq.**
Robert W. Blanck, Esq.
Florida Bar Number: 311367
Email: rblanck@shiplawusa.com

Counsel to Peninsula Petroleum Limited

<b><u>VERIFICATION</u></b>

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf.  I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District and also for any corporate registration of defendant in the State of Florida.  There is no record of any general or resident agent authorized to accept service of process for Defendant in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on September 9, 2022.

 /s/   J. Stephen Simms
J. Stephen Simms